IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| **NARRINO STEWART,** )  | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | Cv. No.  13-2896-STA |
| vs.                                              ) | Cr. No.  08-20052-STA |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent/Plaintiff.     ) | |

_____

**RESPONSE TO PETITIONER'S MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**
_____

COMES NOW, the United States of America, by and through Edward L. Stanton III, United States Attorney for the Western District of Tennessee and Michelle Kimbril-Parks, Assistant United States Attorney, and files this Response to Defendant/Petitioner Narrino Stewart's ("Stewart") Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence, which was filed on November 15, 2013.  In support of his § 2255 motion, the Petitioner raises three claims of ineffective assistance of counsel: (1) the Petitioner's trial counsel was ineffective in promising that if he plead to a violation of 18 U.S.C. §922(j)(receiving stolen firearms) and 18 U.S.C. § 2119(carjacking) that the remaining counts would be dismissed; (2) the Petitioner's trial counsel was ineffective in advising that he was looking at fifteen years imprisonment; (3) the Petitioner's trial counsel was ineffective in his failure to challenge similar counts of the indictment under a theory of double jeopardy; and, (4) the Petitioner's convictions violate the Sixth Circuit's holding in United States v. Washington[1], 714 F.3d 962 (6th Cir. 2013).   For the

---

[1] In Washington, the Sixth Circuit addressed how to order multiple §924(c) convictions for sentencing purposes when the convictions arise out of the same indictment and proceedings.  714

1

reasons set forth in detail below, the Government asserts that Petitioner's claims should be dismissed as time-barred.[2]

## FACTS AND PROCEDURAL HISTORY

On February 19, 2008, the Petitioner was charged in a six-count indictment with the following: (1) carjacking in violation of 18 U.S.C. §2119; (2) possession of a firearm during and in relation to a crime of violence in violation of 18 U.S. C. §924(c); (3) being a convicted felon in possession of a firearm in violation of 18 U.S.C. §922(g); being in possession of a stolen firearm in violation of 18 U.S.C. § 922(j); carjacking in violation of 18 U.S. C. §2119; and, (6) possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c).  (RE – 1, Indictment).   On March 17, 2009, the Petitioner, pursuant to a Plea Agreement, entered a plea of guilty to counts one, three, four, five, and six with an agreed upon sentence of 360 months imprisonment.  (RE – 39, Minute Entry; RE – 40, Plea Agreement).  As a condition of plea, the Petitioner agreed to "knowingly and voluntarily waive his right to appeal any sentence imposed by the court and the manner in which the sentence is determined so long as the sentence is within the statutory maximum specified above." (RE – 21, Plea Agreement, at

---

F.3d at 970.  According to the Court, "this is not a distinction without a difference.  If a defendant has been convicted on multiple carjacking counts in the same proceeding, some of which involve brandishing a firearm and others discharging a firearm, then whichever conviction the district court treats as  the first conviction during sentencing will determine whether the defendant begins with a five, seven, or ten-year mandatory minimum term of imprisonment." Id. The Court agreed with the Ninth Circuit that the "rule of lenity cautions that such doubt be resolved in [a defendant's] favor." However, in this particular case, unlike in Washington, the Petitioner was convicted of only one §924(c) violation.

[2] Additionally, the United States submits that the claim (1) should be dismissed because the Petitioner failed to raise this issue on direct appeal.  See Logan v. United States, 434 F.3d 503, 508 (6th Cir. 2006) (holding that petitioners "may not raise in collateral attacks statutory issues that could have been raised on appeal . . . [unless] they satisfy the 'fundamental defect' test" (quoting Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976))).

2

PageID 57).[3]  On July 29, 2009, the Court accepted the parties' recommendation and sentenced Petitioner to a total term of 360 months imprisonment (RE – 47, Minute Entry; RE – 48, Judgment).  The final judgment of conviction was entered on August 6, 2009; the Petitioner did not file a notice of appeal.  (RE – 48, Judgment).

On November 5, 2013 – nearly four years after entry of the final judgment – the Petitioner filed his initial motion under § 2255.  (RE – 1 (13-02896), § 2255 Mot.).  On April 7, 2014, this Court ordered the United States to respond to the motion.  (RE – 2 (13 2896), Order).

## LAW AND ARGUMENT

Title 28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.  As a threshold standard to post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006); Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006); Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003); Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003); Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

### A. Petitioner's §2255 Motion is Time–Barred by the One-Year Statute of Limitations.

---

[3] The United States reserves its right to enforce the appeal waiver as to the Petitioner's claims not involving allegations of ineffective assistance of counsel or prosecutorial misconduct. However, because the Petitioner's claims are time-barred, the United States is not addressing the application of the appeal waiver to the instant motion.

Title 28, Section 2255 of the United States Code provides an avenue for federal prisoners to seek collateral review of their convictions and sentences. A motion made under § 2255 must be made within the one-year limitation period set out by the statute. As set forth in § 2255, the one-year limit begins running from the latest of:

> (1) <u>the date on which the judgment of conviction becomes final</u>;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

With regards to subpart 1 of § 2255(f), "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." <u>United States v. Cottage</u>, 307 F.3d 494, 498 (6th Cir. 2002). In the present matter, the judgment was entered and became final on August 6, 2009. Thus, the Petitioner had until August 6, 2010 to file his § 2255 motion. Petitioner, however, did not file the motion until November 15, 2013 well outside the one-year statute of limitations. Therefore, the Petitioner's claims are time-barred under §2255(f).

**B.     Petitioner's Claims are not Subject to Equitable Tolling**

The one-year statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. <u>Reed v. United States</u>, 13 F. App'x 311, 312 (6th Cir. 2001). A petitioner bears the burden of demonstrating that he or she is

entitled to equitable tolling. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); Jagodka v. Lafler, 148 F. App'x 345, 347 (6th Cir. 2005) (per curiam); McClendon v. Sherman, 329 F.3d 490, 493 (6th Cir. 2003). The Sixth Circuit, however, has cautioned that equitable tolling relief should be granted sparingly. Hall v. Warden, Leb. Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011); Robertson, 624 F.3d at 784; Sherwood v. Prelesnik, 579 F.3d 581, 588 (6th Cir. 2009); Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).

The Petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations under either traditional equitable tolling principles or the actual innocence equitable tolling doctrine, as outlined below.

    1.    <u>Traditional Equitable Tolling</u>

The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to comply with a mandated deadline unavoidably arose from circumstances beyond his control. Hall, 662 F.3d at 749; Robertson, 624 F.3d at 783; McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000). To obtain equitable tolling, a petitioner is required to establish that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from timely filing his § 2255 motion within the one-year limitation period. Lawrence v. Florida, 549 U.S. 327, 335-36, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); Hall, 662 F.3d at 749-50; Robertson, 624 F.3d at 784.

In the present matter, the Petitioner has not met his burden of demonstrating these two essential factors. The Petitioner has failed to demonstrate that after the time for filing his § 2255 motion expired on August 6, 2010, he diligently pursued his rights or that some extraordinary circumstance beyond his control prevented him from timely filing his motion by the deadline of

5

August 6, 2010. Through the reasonable exercise of due diligence, the Petitioner could have filed his § 2255 motion on or before the deadline of August 6, 2010.

Although the Petitioner is proceeding *pro se* and is untrained in the law, this circumstance does not warrant equitable tolling. Ignorance of the law, even for incarcerated *pro se* habeas petitioners, generally does not excuse the late filing of habeas petitions and does not justify equitable tolling of the statute of limitations. Craig v. White, 227 F. App'x 480, 482 (6th Cir. 2007); Harvey v. Jones, 179 F. App'x 294, 299-300 (6th Cir. 2006); Jagodka, 148 F. App'x at 347; Winkfield v. Bagley, 66 F. App'x 578, 583 (6th Cir. 2003).

    2.    Doctrine of Actual Innocence Equitable Tolling

The statute of limitations in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. Connolly v. Howes, 304 F. App'x 412, 417 (6th Cir. 2008); McSwain, 287 F. App'x at 458-59; Knickerbocker v. Wolfenbarger, 212 F. App'x 426, 431-32 (6th Cir. 2007); Harvey, 179 F. App'x at 297-98; Souter v. Jones, 395 F.3d 577, 589-90 (6th Cir. 2005). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Schlup v. Delo, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Connolly, 304 F. App'x at 417; Harvey, 179 F. App'x at 299; Souter, 395 F.3d at 590.

To make out a credible claim of actual innocence, a petitioner is required to support his or her claim of federal constitutional error with new reliable evidence—exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was unknown or unavailable at the time of conviction and sentencing. Schlup, 513 U.S. at 324; Connolly, 304 F.

6

App'x at 417; Knickerbocker, 212 F. App'x at 431; Souter, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. Schlup, 513 U.S. at 316; Connolly, 304 F. App'x at 417; Nelloms v. Jackson, 129 F. App'x 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. Schlup, 513 U.S. at 321; Knickerbocker, 212 F. App'x at 431; Souter, 395 F.3d at 590.

In the present matter, the Petitioner has not asserted a claim of actual innocence, nor has the Petitioner presented any new, credible evidence that would support a claim of actual innocence. Therefore, equitable tolling based on actual innocence is not applicable to the Petitioner's § 2255 motion.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that Petitioner's § 2255 motion is time-barred, and thus, he is not entitled to relief. Accordingly, this Court should deny Petitioner's motion without hearing.

Alternatively, if the Court determines that the Petitioner's claims are not time-barred, the United States respectfully requests additional time to obtain transcripts for the Petitioner's change of plea and sentencing hearing, as well as additional time to obtain an affidavit from

Petitioner's trial counsel in order to address the substance of the Petitioner's claims.

        Respectfully submitted,

        EDWARD L. STANTON III
        United States Attorney

        /s/Michelle Kimbril-Parks
        MICHELLE KIMBRIL-PARKS
        Assistant United States Attorney
        167 N. Main, Room 800
        Memphis, TN  38103
        901.544.4231

## CERTIFICATE OF SERVICE

    I, Michelle Kimbril-Parks, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing Response has been filed via the District Court's electronic case filing system and mailed to Mr. Narrino Stewart at the address listed on his Pro Se Petition and related documents filed with the Court.

    This date: April 8, 2014

        /s/ Michelle Kimbril-Parks
        MICHELLE KIMBRIL-PARKS
        Assistant United States Attorney