IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
14 JUN 27 PM 12:57
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

NARRINO STEWART,
Petitioner/ ~~Plaintiff~~

Civ. No. 13-2896-STA
Cr. No. 08-20052-STA

VS.

United States of America,
RESPONDENT/ ~~Defendant~~

BRIEF IN OPPOSITION TO GOVERNMENTS BRIEF IN OPPOSITION
TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUAT TO 28 U.S.C. §2255 BY WAY OF JAIL HOUSE LAWYER

Comes Now Your Petitioner In Honor, NARRINO STEWART, Pro Se, And Pursuant To The Rules Of This Court. Petitioner Hereby Submits This Brief In Opposition To Governments Brief In Opposition To Petitioners Motion To Dismiss, Vacate, Set Aside, or Correct Sentence.

## I. BackGround

1. Petitioner Filed A 28 U.S.C. §2255, Which Was Entered In 2013.

2. On 4-8-2014 But was Received On 6-3-2014, Assistant U.S. Attorney Michelle Kimbril-Parks, Filed A Brief In Opposition To Petitioner's Motion To Vacate Set Aside, or Correct Sentence.

## II Questions Presented

1. Does A Fiction Straw Man Like "NARRINO STEWART" Have Any Rights In A Federal Court?

# TABLE OF CASES

## — First Amendment Petition —

1. ALLEN RYAN ALLEYNE v. United States 11-9335 (6-17-2013)
2. U.S. v. GAUDIN, 515 U.S. 506, 510, 115 S.Ct 2310, 132 L.ed 2d 444 (1995)
3. Apprendi v. New Jersey, 530 U.S. 466 (2000)

## — Memorandum of Law In Support of Counsel —

1. United States v. Washington, 6th Cir. No. 12-1219 (5-10-2013)
2. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir 1991)
3. Carmona v. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir 2001)
4. Parham v. Johnson, 126 F.3d 454, 459 (3rd Cir 1997)
5. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir 1996)
6. Gatson v. Coughlin, 679 F.Supp. at 273.
7. Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir 1997)
8. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir 1992)
9. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir 2008)
10. United State v. Day, 969 F.2d 39, 44 (3rd Cir. 1992)
11. Hill v. Lockheart, 474, U.S. 52, 106, S.Ct 366, 88 L.ed 2d 203 (1985)

## — Motion For Oral Argument —

1. Price v. Johnson, 334 U.S. 266, 284-85, 68 S.Ct. 1049 (1948)

## — Brief In Opposition —

1. Holland v. Florida, 130 S.Ct 2549, 2560 (2010)
2. Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)
3. United States v. Washington, 714 F.3d 962 (6th Cir 2013)

4. Schriro, 542 U.S. at 351

5. Griffith V. Kentucky, 479 U.S. 314, 328 (1987)

6. United States V. Bousley, 523 U.S. 614, 620 (1998)

7. Craig V. White, 227 F.App'x 480, 482 (6th Cir 2007)

8. Harvey V. Jones, 179 F.App'x 480, 482 (6th Cir 2007)

9. Jagodka, 148 F.App'x at 347.

10. Winkfield V. Bagley, 66 F.App'x 578, 583 (6th Cir 2003)

11. Helene Curtis Industries, Inc. V. United States, 312 F.2d 774 (Ct.Cl.1963)

12. Rainer V. Tillett Bros. Const. Co, 381 So.2d (Ala.1980)

13. S.T. Grand, Inc V. City of New York, 344 N.Y.S.2d 938 (N.Y.1973)

14. City of Syracuse V. Sarkisian Bros, Inc, 451 N.Y.S.2d 945 (App.Div 1982)

15. United States V. Davy, 969 F.2d 39, 44 (3rd Cir 1992)

16. Hill V. Locheart, 474, U.S. 52, 106. S. Ct. 366, 88 L.ed 2d 203 (1985)

17. United States V. Davy, 285 F.3d 1167, 1172 (9th Cir 2002)

18. Strickland V. Washington, 466 U.S. 668 (1984)

19. FEDERAL CONTRACT CHANGES CLAUSE F.A.R. 52.243
48 C.F.R. 52.243

20. UNIFORM COMMERCIAL CODE **UCC** WHAT CONSTITUTES A CONTRACT

2. Does The Surety Have Any Rights In The Court If He Flesh And Blood Man "Nurrino Stewart" un-knowingly Entered Into An Contract And Agreement?

## III Reasons of Claims/Discussion

### A. Even If Petitioner Filed This Petition Outside The Limitations Period, Equitable Tolling Is Warranted.

Even If This Court Concludes That Petitioner Filed His Motion Outside The One-year Limitations Period Of §2255(f), Petitioner Presents An "Appropriate Case, That Warrants An Equitable Exception To The Statute Of Limitations. Holland V. Florida, 130 S.Ct 2549, 2560 (2010). Notwithstanding The One-year Limitations Period, The Supreme Court Has Recently Held That A Petitioner Is Entitled To Equitable Tolling In The Habeas Corpus Context If He Shows "(1) That He Has Been Pursuing His Rights Diligently, And (2) That Some Extraordinary Circumstances Stood In His Way And Prevented Timely Filing." 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In This Case, The "Extraordinary Circumstances" were That United States V. Washington, 714 F.3d 962 (6th Cir. 2013) Did Not Yet Exist.

### B. Washington Reinforce A Substantive Rule That Applies On Collateral Review.

When A Decision "Results In A New Rule, That Rule Applies To All Criminal Cases Still Pending On Direct Review." Schriro, 542 U.S. at 351 (citing Griffith V. Kentucky, 479 U.S. 314, 328 (1987)). United States v. Bousley, 523 U.S. 614, 620 (1998) "As To Convictions That Are Already Final..... New Substantive Rules Generally Apply Retroactively. This Includes Decisions That Narrow The Scope Of A

Criminal Statute By Interpreting Its Terms." Id. Decisions Narrowing The Scope Of A Criminal Statute Apply Retroactively Because They "Carry A Significant Risk That A Petitioner... Faces A Punishment That The Law Cannot Impose Upon Him." Id. At 352 (quoting Bousley, 523 U.S. at 620). A Rule That Removes A Particular Class Of Persons From The Reach Of A Statute's Punishment Is Substantive. Id. At 353. This Is Exactly What The Decision In Washington Did. That Decision Therefor Announced And Reinforce A Substantive Rule That Applies To Mr. STEWART.

Also The Facts Supporting Petitioner's Claim Could Not Have Been Discoverable For Purposes Of Challenging His Federal Conviction Through §2255 Any Earlier Than When The Sixth Circuit's Decision In Washington Became Final - Days After The Entry Of The Order In Washington. It Wasn't Until That Date That The legal Consequences Of Petitioner's Convictions Changed, Providing Him With An Interest In Challenging His Federal Conviction.

Additionally, under (f)(4), The Statute Of Limitations Does Not Begin To Run Until Petitioner, Through The Exercise Of Due Diligence, Could Have Shown By Prompt Action On The Part Of The Petitioner As Soon As He Is In A Position To Realize That He Has An Interest In Challenging The Prior Conviction With Its Potential To Enhance The Later Sentence. And That The Limitations Period Would Not Begin To Run Until Facts Rendering The Prior Conviction Vulnerable Were Discoverable Through The Exercise Of Due Diligence. Jail House Lawyer Has Not Yet Seen Petitioners "PSR" And Is Going From What Petitioner Is Able To Tell Him, But Inefective Assitance of Counsel Can Be Brought At Any Time.

C. Ignorance Of Law By Pro Se Filings

As Is Stated In Assistant United States Attorney Mrs. Parks Response To Petitioner's Motion To Vacate. <u>Traditional Equitable Tolling</u>, Paragraph (3) Three; Just To Quote Her Words "Although The Petitioner Is Proceeding Pro Se And Is Untrained In The Law, This Circumstance Does Not Warrant Equitable Tolling. Ignorance Of The Law, Even For Incarcerated Pro Se Habeas Petitioners, Generally Does Not Excuse The Late Filing Of Habeas Petitions And Does Not Justify Equitable Tolling Of The Statute Of Limitations. <u>Craig v. White</u>, 227 F. App'x 480, 482 (6th Cir. 2007); <u>Harvey v. Jones</u>, 179 F. App'x 294, 299-300 (6th Cir. 2006); Jurgodka, 148 F. App'x at 347; <u>Winkfield v. Bagley</u>, 66 F. App'x 578, 583 (6th Cir. 2003)." The Petitioner Is Not Only Claiming Ignorance Of The Law But Plain Ignorance As Well. Please Review Petitioner's "Motion For The Appointment Of Counsel; Memorandum Of Law In Support Of Petitioner Motion For The Appointment Of Counsel; And Declaration In Support Of Petitioner Motion For The Appointment Of Counsel" To Move The Petitioner's Position on Ingnorance Of Law The Word "Generally" As Stated Above Use And Defined As "In a general way; In A Way That Is not Detailed Or Specific; 2 In Most Cases; USUALLY" [Definition From Merriam-Webster's Advanced Lerarner's English Dictionary] So It Stands To Reason That The Petitioner Unique Ingnorance Falls Well Within The Cracks Of Ingnorance Of Law. The Courts Has Been Known To Be Fair, Even If It Is Mis-understood At Times.

D. **Ineffective Assistance of Counsel**

When Petitioner Federal Public Defender Promis That IF NARRINO STEWART Plead To Violation OF 18 U.S.C. §922(j)(Receiving Stolen Firearms) And 18 U.S.C. § 2119 (Carjacking) That The Remaining Counts Would Be Dismissed Was Nondisclosure Of Supeior Knowledge Breaches OF Contract. Helene Curtis Industries, Inc V. United States, 312 F.2d 774 (Ct. Cl. 1963) Where The "Balance Of Knowledge" Favors The Government, It Must Disclose Its Knowledge, Less By Silence It "Betray A Contractor Into A Ruinous Course of Action." As Quoted In Case. It's REASONABLE To Say That Petitioner's Federal Public Defender Was In The Know Of All Charges He Was Facing. IT Was The Public Defender Duty To Follow The Rules Of The Court And Federal Contract Changes Clause F.A.R. 52.243 48 C.F.R. 52.243 And Make The Changes To The Contract "Plea Agreement" Before It Became Final. It's Fair To Say That A Federal Public Defender Has A Contract With Any Person It Represents Even Person/Clients Like NARRINO STEWART

E. **Uniform Commercial Code. "UCC"**, What Constitutes A Contract.

The UCC Is Law Of A Great Many Lands. Offer, Acceptance And Consideration. What Is An Offer? What Is Its Nature? One Legal Authority Has Defined An <u>Offer</u> As A Manifestation Of Interest or Willingness To Enter Into A Bargain Made In Such A Way That The Receiving Party Will Realize That Furnishing Unqualified Acceptance Will Seal The Bargain. If The Willingness To Enter Into A Bargain Is Manifested So

That The Person To Whom It Is Made Aware, or Should Be Aware, That Some Further Manifestation Of Willingness Will Be Required Before An Unqualified Acceptance Would Seal The Bargain, Then What Has Transpired Is Not An Offer.

Moving On To The Acceptance, The Second Element That Must Exist To Form A Contract, A Number Of Points Are Important. If The Court Would Please?... For The Acceptance To Have Any Relevance And Legal Meaning, It Must Be An Acceptance of Whatever Was Offered. A Form Of Acceptance That Changes The Offer In Any Significant Respect Is Not An Acceptance At All But A <u>Counteroffer</u>. An Exchange Of Offers And Counteroffers Between Two Parties Constitutes A <u>Negotiation</u>. In A Negotiation, Only The Final Offer And Acceptance Matter In Respect To Contract Formation. A Contract Between Two Parties Cannot Be Legally Binding Until And Unless There Is <u>Meeting Of The Minds</u> — That is, The Mutual Agreement Is Not Made Under Duress — At The Time The Contract Is Formed. Both Parties Must Understand And Accept That They Have Mutually Agreed To Be Bound By The Same Set Of Terms Conditions or, In Other Words, By The Final Offer And Acceptance.

The Third And Final Element Necessary For Contract Formation Is The <u>Consideration</u>. In Courts Of Law, The Consideration May Be For A Payment, But Not Always. The Main Point Is That Consideration For Both Parties To The Contract Must Always Be Present In One Form Or Another In Order For A Contract To Be Formed. A Way To Think Of Consideration Is That Each Party Must Have A Reason For Entering Into The Contract And An Expectation Of Receiving Something Of Value For Performing The Contract

Satisfactorily.

Contracts Must Not Be Contrary To Law If So They Are Nonenforceable Contracts; Rainer V. Tillett Bros. Const. Co, 381 So. 2d (Ala. 1980); S.T. Grand, Inc. V. City Of New York, 344 N.Y. S. 2d 938 (N.Y. 1973).

It's Fair And Reasonable To Say That, Without such A meeting Of The Minds With Respect To The Three Elements Required for Contract Formation – Offer, Acceptance, And Consideration – There Can Be No Proper, Legally Binding Contract, In Fact Its A Rescinded Contract. Petitioner Should Be Allowed To Withdrawal from Contract "Plea Agreement."

"The Petitioner Lawyer Made A Spokin Declaration To Him That was Misleading So He Entered Into The Plea Agreement Contract Not knowing The Terms, A mistake On His Part And The Courts Tooks Advantage Of His Retardation. "There Was Never Any Meeting Of The Minds Of The Parties Which Could Give Rise to A Contract Since The Bidder Never Submitted Its Real Bid But Instead, An Erroneous One Not At All Expressing It's Intent City Of Syracuse V. Sarkisian Bros, Inc, 451 N.Y.S. 2d 945 (App. Div. 1982)"

U.C.C. Is Jus Gentium And Can not Be Repeal

2. Petitioner Counsel Has Prejudice Him By Being Constitutionally Ineffective Under The 5th And 6th Amendments, Petitioner Counsel Deprived Him Of The OPPORTUNITY To Make A Reasonable Informed Decision Regarding Whether To Chang His Plea And Proceed To Trial, Because Petitioner Trial Counsel Failed To Inform Him That He Was Facing All Counts But one

And If He Wanted To Withdraw From The Contrated Plea Agreement So He Could Stand For Trial Now was The Time, Or To Postpone Sentencing For Further Negotiation Which Is The Forthright Law. Narrino Stewart Entered Into A Guilty Plea Deaf, Dumb, And Blind. If Petitioners Counsel Had Been Constitutionally Effective Petitioner Would Had Never Entered A Plea Of Guilt. Even With All The Evidence Against Him Would Have Gone To Trial Knowing No Reasonable Jury Could Have Found Him Guilty Of Any or All Counts. Under 28 U.S.C. § 1746 Penalty And Pains Of Perjury Petitioner Has Certified He Would Not Have Taken A Plea And The Counsel Did Not Inform Him Of Knowledge That He Was Withholding. Counsel Nondisclosure Of Supeior Knowledge Did In Forthright Law Prejudice Him Which Hindered Him From Making An Informed Decision. Petitioner Clearly Would Have Used Another Reasonable Option That was Available.

"A Defendant Has The Right To Make A Reasonably Informed Decision Whether To Accept A Plea Offer "Because" [K]nowledge Of The Comparative Sentence Exposure Between Standing Trial And Accepting A Plea Offer Will Often Be Crucial To The Decision Whether To Plead Guilty," United States V. Day, 969 F.2d. 39, 44 (3rd cir 1992)(Quoting, Hill V. Lockheart, 474, U.S. 52, 106. S.Ct. 366, 88 L.ed 2d 203 (1985). If A Defendant Raises Sufficient Allegations That His Counsel's Advice In Helping To Make That Decision Was "So Insufficient That It Undermined [The Defendant's] Ability To Make, An Intelligent Decision About Whether To Accept The [Plea] Offer, The Defendant

Is Entitled To An Evidentiary Hearing On The Merits Of His Habeas Petition. Id. at 43-44."

Petitioner Is Entitled To An Evidentiary Hearing On The Merits Of His §2255; See cf. United States V. Day, 285 F.3d 1167, 1172 (9th Cir 2002) (Holding That The Defendant was Prejudiced Because His Counsel Gave Him Erroneous Advice That Led Him To Proceed To Trial, Thus Precluding Him From Reciving A Three-Level Reduction For Acceptance Of Responsibility).

Also If The Counsel word Have Been Efective The Petitioner Would Have Been Able To Help Better Prepare So In Turn The Counsel Would Had Been Able To Act In Accordance, To The Petitioner's Decision. Being As Though Counsel Was un-willing To Part With Knowledge Of The Counts Petitioner Was Facing He Was Un-Able To prepare A Defense.

The Petitioner Has Shown All The Grounds Of Ineffective Assistance Of Counsel Under Strickland V. Washington, 466 U.S. 668 (1984).

## CONCLUSION

Based on The Foregoing, Petitioner Respectfully Request That The Court Grant His Motion Under 18 U.S.C. §2255. The Court Should Vacate Petitioner's Conviction And Sentence, Dismiss The Indictmen In Counts (2,4,5,6) Two Four Five And Six, And Set For Resentencing on Counts (1,3) One And Three.

Respectfully Submitted:

*Narrino Stewart*

NARRINO STEWART 22104-076
USP
P.O. Box 1000
LEWISBURG, PA 17837

## DECLARATION

I Declare Under Penalty of Perjury That I Have Read This Petition, And That, Based on My Knowledge of Events, Court Documents And Public Records, I Believe The Information In This Petition To Be True And Correct.

Date: 6-12-2014              *Narrino Stewart*
                             NARRINO STEWART
                             Petitioner

ATTESTATION BY *Joshua Seibles*
              JOSHUA SEIBLES

# CERTIFICATE OF SERVICE

I, NARRINO STEWART, DO HEREBY CERTIFY That; Motion To ADDRESS, MOTION FOR The Appointment OF Counsel, Motion For Oral Argumen, Memorandum, Declaration, Motion For Evidentiary Hearing, Purpose ORDER, Petition for Writ of Habeas Ad TESTIFICandum, First Amendment Petition, And Brief In Opposition To Governments Brief In Opposition. Has Been Sent To The A.U.S. ATTORNEY Michelle Kimbril-Parks VIA The United States Postal Service This 12 Day OF June 2014.

TO A.U.S. ATTORNEY  
   MICHELLE KIMBRIL-PARKS  
   167 N. Main, Room 800  
   Memphis, TN. 38103  
   901-544-4231

/s/ Narrino Stewart  
NARRINO STEWART 22104-076  
U.S.P  
P.O BOX 1000  
Lewisburg, PA. 17837

In The United States District Court
For The Western District of Tennessee
Western Division

NARRINO STEWART
   Petitioner/Defendant

Civ. No. 13-2896-STA

VS.

Cr. No. 08-20052-STA

United States of America
   Respondent/Plaintiff

## PurPose ORDER For Ineffective Counsel

Federal Public Defender _____, Has 21 Days To Come Forth With Tangible Proof That He/she Did not Make An Declaration, Promise, or Statement To Mr. NARRINO STEWART That He Would only Be Placing A Plea For 2 counts. Failure To Produce Such Proof In The Allowed Time Fraim will Resort In This Court Issueing An Writ For New Trail.

   As So ORDERED

/s/ _____
Dated:
United States District Judge