IN THE UNITED STATES DISTRICT COURTIL
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NARRINO STEWART,                           )
                                           )
      Petitioner,                          )
                                           )
v.                                         )            No. 2:13-cv-02896-STA-egb
                                           )
UNITED STATES OF AMERICA,                  )
                                           )
      Respondent.                          )

ORDER DISMISSING § 2255 MOTION,
DENYING MISCELLANEOUS MOTIONS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Narrino Stewart, has filed a motion under 28 U.S.C. § 2255 asking the Court to set aside, correct, or vacate his sentence ("petition"). (ECF No. 1.) Before the Court is the § 2255 petition, Petitioner's motion to supplement the petition, and numerous other motions filed by Petitioner. For the reasons that follow, the petition is **DISMISSED** and the motions are **DENIED**.[1]

_____

[1] The Court has concluded that an evidentiary hearing is not necessary to resolve this matter. Accordingly the motions for an evidentiary hearing (ECF No. 5), a writ of habeas corpus testificandum (ECF No. 6), and oral argument (ECF No. 9) are **DENIED**.

Petitioner's motions for appointment of counsel (ECF Nos. 7 and 10) are also **DENIED**. Stewart seeks counsel on the grounds that the issues in the case are "too complex for him" and that he has "extremely limited access to the law library," is "mentally ill," "does not have an education," and has "a limited knowledge of the law." (ECF Nos. 10 at 1.) The grounds do not warrant appointment of counsel. Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation. *See Deramus v. McCoig*, No. 16-cv-275, 2016 WL 6594878, at *4 (E.D. Tenn. Nov. 7, 2016) (denying motion for counsel where circumstances alleged were common to most prisoners, such as lack of a legal education, limited access to a law library, and the complexity of the issues); *Jones v. Roggenbuck*, No. 12-cv-12675, 2013 WL 847678, at *2

**Stewart's Criminal Case and § 2255 Petition**

On February 19, 2008, Stewart was charged in a six-count indictment with (1) carjacking in violation of 18 U.S.C. § 2119; (2) possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (3) being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g); (4) being in possession of a stolen firearm in violation of 18 U.S.C. § 922(j); (5) carjacking in violation of 18 U.S.C. § 2119; and (6) possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*United States v. Stewart*, 08-cr-20052 (hereinafter "Cr. Case"), ECF No. 2.) On March 17, 2009, Petitioner entered a guilty plea to Counts 1, 3, 4, 5, 6 pursuant to a plea agreement, with an agreed upon sentence of 360 months of imprisonment. (Cr. Case, ECF Nos. 39 and 40.) As a condition of the plea, the defendant agreed to waive his right to appeal his sentence so long as the sentence was within the statutory maximum specified. (Cr. Case, ECF No. 21.) On July 29, 2009, the Court accepted the parties' recommendation and sentenced Stewart to a term of 360 months of incarceration. (Cr. Case, ECF Nos. 47 and 48.) The final judgment of conviction was entered on August 6, 2009. (Cr. Case, ECF No. 48.) Petitioner did not file a notice of appeal.

On November 15, 2013, Stewart filed his *pro se* § 2255 petition, in which he raises the following claims:

- Trial counsel was ineffective in promising that if Stewart pled guilty to a violation of receiving stolen firearms and carjacking, the remaining counts would be dismissed and he "would receive no more than (15) fifteen years";

- Trial counsel was ineffective by failing to challenge similar counts of the indictment under a theory of double jeopardy; and

- Petitioner's sentence violates the Sixth Circuit's holding in *United States v. Washington*, 714 F.3d 962 (6th Cir. 2013).

---

(E.D. Mich. Mar. 7, 2013) (denying petitioner's motion for counsel on the ground that he was mentally ill, where petitioner demonstrated his ability to proceed *pro se*).

(ECF No. 1 at 4, 10.)

Petitioner subsequently filed his "Motion Seeking Leave to Supplement" the petition to add the following claims:

- Stewart "is actually innocent of count three of his indictment, as count three fails to charge an offense under any subsection of § 922(g)."

- Counsel was ineffective by failing to properly explain the "charging offense under § 922(g)," and had counsel "discussed the non-existent offense with" Stewart, he "would have opted to file a motion to dismiss the indictment rather than pleading guilty."

(ECF No. 11 at 1-3.)[2]

The Government argues that the petition should be dismissed and the motion to supplement the petition should be denied because the claims are untimely. (ECF Nos. 3 and 19.) Petitioner does not dispute that he brought his claims beyond the period provided by statute, but asserts that the limitations period should be tolled.[3]

**Analysis**

Stewart seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[2] On June 27, 2014, Petitioner also filed a document purporting to add a claim for prosecutorial misconduct due to an alleged violation of *Alleyne v. United States*, -- U.S. --, 133 S. Ct. 2151 (2013). (ECF No. 8.) Because he filed his amendment more than twenty-one days after the Government answered the petition, Stewart should have sought leave to amend the petition. *See* FED. R. CIV. P. 15(a). The Court therefore construes the *pro se* filing as a motion for leave to amend the petition to add the *Alleyne* claim. The motion is **DENIED** because *Alleyne* was decided nearly three years after Stewart's judgment became final and the holding is not retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014).

[3] In light of Stewart's *pro se* status, the Court construes his allegation that he is "actually innocent of count three in [the] indictment" as both a free-standing habeas claim and a gateway claim that his "actual innocence" should toll the statute of limitations as to all of his claims.

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner seeking to vacate his sentence under § 2255 must therefore "allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 petition "is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates," *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (internal quotation marks omitted), as provided in § 2255(f) :

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255(f)(1)-(4).

In this case, § 2255(f)(1) applies, and the statute of limitations for Stewart's collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed." *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). A criminal defendant has fourteen days from the entry of the judgment to file a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A). Because Stewart did not take a direct appeal, the judgment of conviction became final on August

20, 2009—fourteen days after it was entered. The one-year statute of limitations therefore expired on August 20, 2010.

Stewart filed his § 2255 petition on November 15, 2013, more than three years after the end of the limitations period. Petitioner concedes that his habeas claims are untimely, but he argues that the limitations period is subject to equitable tolling because (1) he is untrained in the law; (2) his jailhouse lawyer has not yet seen Stewart's pre-trial sentencing report; (3) the Sixth Circuit did not decide *Washington* until 2013; and (4) he is "actually innocent of count three in [the] indictment, as count three fails to charge an offense under any subsection of § 922(g)." (ECF Nos. 4 and 11.) The Government argues that Stewart has not met his burden to show that he is entitled to equitable tolling "under either traditional equitable tolling principles or the actual innocence equitable tolling doctrine . . . ." (ECF No. 19 at 4-5.)

The one-year statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *Reed v. United States*, 13 F. App'x 311, 312 (6th Cir. 2001). There are two forms of equitable tolling. "Traditional" equitable tolling requires the petitioner to show that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Actual innocence" equitable tolling requires a credible showing by the petitioner of his actual innocence to "overcome" the statute of limitations rather than simply to excuse the late filing. *McQuiggin v. Perkins,* --U.S.--, 133 S.Ct. 1924, 1930–31 (2013); *cf. Souter v. Jones,* 395 F.3d 577, 588–90, 597–601 (6th Cir. 2005) (a credible claim of actual innocence can equitably toll the statute of limitations). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Patterson v. Lafler,* 455 F. App'x. 606, 609 (6th Cir. 2012) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)).

Here, Petitioner has not carried his burden to show that he is entitled to either form of equitable tolling. First, Stewart does not meet the test for traditional equitable tolling. Lack of knowledge regarding the law or "delays caused by fellow inmates providing legal assistance" are not extraordinary circumstances that will toll the statute of limitations. *United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011) (citing *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [a motion] does not relieve [a plaintiff] from the personal responsibility of complying with the law.")). Moreover, the fact that the Sixth Circuit decided *Washington* in 2013 does not constitute a circumstance excusing Petitioner's late filing. In *Washington*, the Sixth Circuit addressed how to order multiple § 924(c) convictions for sentencing purposes when the convictions arise out of the same indictment and proceeding. *Washington*, 714 F.3d at 970. In Stewart's case, the indictment charged two violations of § 924(c), but one of the charges was dropped as part of the plea agreement. Stewart was therefore convicted of only one § 924(c) violation. *Washington* is therefore inapplicable.

Second, Petitioner has not made a credible showing of actual innocence. According to Stewart, he is actually innocent of Count 3 of the indictment because it "fails to charge an offense under any subsection of § 922(g)." (ECF No. 11 at 1.) The allegation challenges the legal sufficiency of Count 3, and is not a claim of factual innocence. *See Patterson,* 455 F. App'x. at 609 (petitioner must show "factual innocence, not mere legal insufficiency").

Moreover, the argument is without merit. Count 3 of the indictment charged the defendant as follows:

> On or about December 20, 2007, in the Western District of Tennessee, the defendant Narrino Stewart a/k/a Marrino Stewart a/k/a Ray Moore having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is a Springfield Armory XD 40 caliber semi automatic pistol, in violation of Title 18, United States Code, Section 922(g).

(Cr. Case, ECF No. 2.) Rule 7 of the Federal Rules of Criminal Procedure requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Although the indictment must contain enough information that the defendant can understand the charges, prepare a defense, and claim double jeopardy where appropriate, *Russell v. United States*, 369 U.S. 749, 763-64 (1962), it need not describe the government's evidence or identify all the facts supporting the allegations. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Here, Count 3 of the indictment adequately charged Stewart with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Because Stewart is not entitled to equitable tolling, his § 2255 claims are **DISMISSED** as untimely. His motion to supplement the petition with additional untimely claims is also **DENIED**, as an amendment would be futile.

Judgment shall be **ENTERED** for Respondent.

### APPEAL ISSUES

A § 2255 petitioner who challenges his state custody may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337

7

(2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the petition should be dismissed for the reasons stated. Because any appeal by Stewart does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons the Court denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 7, 2017.